## Oberdorf v. Rumberger

*Wm. Harvey Wiest*, for plaintiff.

*Eugene J. Mirarchi* and *Michael J. Robinson*, for defendants.

KIVKO, *P. J.*, July 17, 1975—Ralph E. Oberdorf, Sr., plaintiff, brought an action in mandamus to compel the Board of Elections of Northumberland County to accept his nomination papers as the candidate of the Independent Voters Party for the office of sheriff.

There is no dispute on the facts; they have been stipulated by the parties. On March 11, 1975, plaintiff filed a nomination petition to have his name placed on the primary ballot of the Democratic Party for the office of sheriff. Objections were filed to the petition requesting that it be declared invalid and set aside. After hearing held, the court on March 24, 1975, found that the petition contained fewer than the 100 signatures required and entered an order sustaining the objections and setting aside the nomination petition.

On April 2, 1975, nominating papers were filed by the Independent Voters Party nominating plaintiff for the office of sheriff. The county board of elections (board), composed of the county commissioners, refused to accept the nomination papers on the ground that they were not in conformity with the Election Code; more specifically, that plaintiff's prior filing of the nomination petition disqualified him. The mandamus action followed.

At the outset, we should bear in mind the distinction between a *nominating petition* and *nomination papers* as these terms are used in this opinion. The Pennsylvania Election Code (code) distin-

guishes between political parties and political bodies: Act of June 3, 1937, P.L. 1333, sec. 801, as amended, 25 PS 2831. A political party, as defined by the code, may select its candidates by a primary election method and a prospective candidate places his name on the primary ballot by filing a nomination petition. Any other political group is deemed a political body and must select its candidates by the process of filing nomination papers. Nominees for office at a November election can get on the ballot by one of two ways: by political party nomination at a primary election, or by political body nomination through papers: Brown v. Finegan, 8 D. & C. 2d 780 (1957); see Packrall v. Quail, 411 Pa. 555, 192 A. 2d 704 (1963), note 2.

Section 951 (e) (5) of the code, 25 PS §2911 (e) (5), provides that: "There shall be appended to each nomination paper offered for filing an affidavit of each candidate nominated therein stating . . . that his name has not been presented as a candidate by nomination petitions for any public office to be voted for at the ensuing primary election . . ." Section 976 (e) of the code, 25 PS §2936, imposes a similar restriction with regard to the acceptance of the nomination papers by the board and requires the board to refuse them if the candidate has filed such a nomination petition.

The sole issue presented in this case is the construction to be given to these provisions of the code. The board contends that they should be construed to mean that a person who has filed a nomination petition may not later file a nomination paper even though the nomination petition had been found defective and been set aside. Plaintiff, on the other hand, contends it is not the filing of a nomination

petition but its status at the time the nomination papers are filed that determines whether the restrictions embodied in the statutory provisions apply.

The cardinal rule of statutory construction is to ascertain and effectuate the intention of the legislature: Statutory Construction Act of December 6, 1972, P.L. 1339, sec. 1921, 1 Pa. C.S.A. §1921. The Supreme Court, in Packrall v. Quail, supra, stated that the purpose of section 976 (the counterpart of section 951) was to prevent "party raiding" by candidates who seek to appear numerous times on the ballot under different labels. At 192 A. 2d 706, it held, therefore, that these provisions require "only that the person seeking nomination not be the candidate of another political group at the time the nomination paper is filed."

In Packrall the candidate withdrew his previously filed nomination petition within the permitted period and thereafter filed nomination papers. The Supreme Court held that this was permissible. In the case before us, plaintiff was not a candidate of the Democratic Party at the time he filed his nomination paper, since his nomination petition as a Democrat was already set aside by the court. The petition was a nullity whether it is withdrawn or set aside.

The board, however, argues that since plaintiff had not withdrawn his nomination petition, its being set aside was not fatal to his standing as a candidate of the Democratic Party because the petition was amendable under section 977 of the Code (25 PS §2937). There are three flaws in this contention. In the first place, the nomination petition having been set aside, plaintiff was not a candidate for

the primary election on the Democratic ballot at the time his nomination papers were filed. In the second place, the allowance of an amendment is in the discretion of the court after hearing held. In view of the principles quoted from Packrall above, it is difficult to conceive that a court would allow an amendment of a nomination petition after the filing of nomination papers. Finally, the court's discretion to permit an amendment is restricted to errors or defects appearing on the face of the nomination petition or the face of accompanying affidavits. The errors and defects for which the nomination petition was set aside did not fall in this category. The nomination petition was, therefore, not amendable.

We conclude that plaintiff was not a candidate of another political group at the time his nomination papers were filed. He is, therefore, a legitimate candidate of the Independent Voters Party.

We, therefore, enter the following

## ORDER

And now, July 17, 1975, judgment in mandamus is entered in favor of Ralph E. Oberdorf, Sr., plaintiff, and against William J. Rumberger, James P. Kelley and Lawton Shroyer, Commissioners of Northumberland County and the Northumberland County Board of Elections, defendants, and said defendants are hereby ordered and directed to accept the nomination papers of plaintiff as the candidate of the Independent Voters Party for office of sheriff and to certify his name for inclusion and to place his name on the ballot at the ensuing municipal election to be held in November, 1975.